IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILLIAM SCOTT HOWARD,

    Plaintiff,

v.                                                      No. 1:24-cv-1222-STA-jay

CHELSEA M. GOMEZ,
*Online spiritual reader.*

    Defendant.

---

REPORT AND RECOMMENDATION

---

On October 8, 2024, Plaintiff William Scott Howard, proceeding pro se, filed a lawsuit against Chelsea M. Gomez. (Docket Entry ["D.E."] 1.) Plaintiff sought and received in forma pauperis status. (D.E. 6.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. For the reasons set forth below, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

### I.     PROPOSED FINDINGS OF FACT

Plaintiff filed this lawsuit on a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. In the "Statement of Claim" portion of the form complaint, Plaintiff writes:

    1)     Cyber Bullying
    2)     Hacking my cell phone
             Slandering my name
    3)     Using my social media accounts facebook, Instagram, Tiktok
    4)     Stalking (spiritual & mental)
    5)     Bullying me online
    6)     Making false accounts online to spy and slander me
    7)     Using voodoo, dark magic. mental attack
    8)     Stealing my personal information

    9)     Narcissist person control
    10)    Civil rights
    11)    Sexual abuse through black magic going to a spiritual reader to do voodoo & magic. without my concent [sic]
    12)    Using my social media account to make money and to slander me and spy on me.

(D.E. 1, pp. 2-3, § IV, PageID 2-3.)  Plaintiff seeks damages. (*Id*. at p. 4, PageID 4.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

**B.   Standard of Review for Lack of Subject Matter Jurisdiction**

[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Of course, "dismissal on these grounds is appropriate 'only in the rarest of circumstances where . . . the complaint is deemed totally implausible.'" *Lynch*, 2017 U.S. Dist. LEXIS 213765, at *9 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 37 (1974)). This standard requires that "[t]he claims . . . be 'flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id*. at *9 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).  When a court dismisses a complaint under Rule

12(b)(1), the same opportunity to amend need not be provided as when a complaint is dismissed under Rule 12(b)(6). *Id*. at *10 (citing *Apple*, 183 F.3d at 479 ("*Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*."))

C.     **Plaintiff's Complaint Should Be Dismissed.**

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1). Plaintiff fails to make any factual allegations against the Defendant and fails to articulate any causes of action. Plaintiff's lawsuit is simply a list of grievances that he, presumably, alleges to have suffered. Plaintiff does not offer any explanation as to how Defendant may be responsible for any of the wrongs he lists.

### III.    RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court dismisses Plaintiff's complaint pursuant to Rule 12(b)(1) and 28 U.S.C. § 1915(e)(2)(ii).

RESPECTFULLY SUBMITTED, this the 9th day of October, 2024.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**